Littleton, Judge,
delivered the opinion of the court:
The special act under which this suit was brought provided “ that the claim of Thomas C. Edwards growing out of losses suffered under contracts of June 13, 1917, for delivery of hay to the Quartermaster Corps, Fort Sam Houston, Texas, is hereby referred to the United States-Court of Claims with jurisdiction to hear the same to judgment and with instructions to adjudicate the same upon the-basis of losses suffered due to conditions arising out of the-late war, to the cancellation of orders given by the Government for delivery of the hay, and the encountering of a> severe drought.”
Prior to the passage of the above-mentioned special act a bill was introduced in the House of Representatives direct *444 ing the Secretary of the Treasury to pay plaintiff $7,481.20 for losses suffered due to war conditions and to cancellation of orders given by the Government, and the encountering of a severe drought in supplying hay during war times under a contract of June 13, 1917. The congressional committee to which the bill was referred recommended the passage, as pointed out in its report, that the losses which plaintiff suffered were due entirely to the conditions specified. The outcome of the matter was the passage of the special act in question which waived the defense of the statute of limitations and specified the basis on which the plaintiff’s loss was to be adjudicated.
The War Department and the Comptroller General denied plaintiff’s claim on the ground that the contract gave the Government the right to reduce the quantity of hay to be delivered under the contract, and the fact that plaintiff suffered a loss by reason of the Government’s cancellation of calls for the hay and the conditions thereafter encountered gave him no cause for complaint.
Counsel for the defendant contends, first, that the special act only waives the statute of limitations for bringing suit and does not authorize the court to award plaintiff a judgment for the loss suffered by reason of the conditions specified in the special act; and, second, that there was no breach of the contract by the defendant. We are of opinion that these contentions cannot be sustained.
The act under which this suit was brought did waive the statute of limitations, inasmuch as suit under the contract was barred at the time the act was passed, but it went further and authorized and instructed the court to adjudicate plaintiff’s losses “ upon the basis of the losses suffered due to conditions arising out of the late war, to the cancellation of orders given by the Government for the delivery of the hay, and the encountering of a severe drought.” We think if Congress had only intended to waive the statute of limitations and provide a forum for the hearing and adjudication of his claim, the last-quoted portion of the act would not have been inserted. Jurisdiction and authority to adjudicate would have been complete without it and we cannot assume that its insertion was purposeless. The first part of the act *445 referred plaintiff’s claim to this court with the jurisdiction to hear the same to judgment and then proceeded to specify the basis on which the loss was to be determined and adjudicated. The basis on which the loss suffered in furnishing the hay in question was to be adjudicated having been specified, the duty devolved upon plaintiff to establish the same by proof. The authority of Congress to prescribe the basis on which a claim shall be adjudicated, that is, to prescribe the conditions under which a citizen may be compensated for losses suffered under a contract, or even where no contract exists, or to create a liability on the part of the Government where no legal liability in fact exists and to waive any legal defense on the part of the Government, is no longer subject to question. Nock v. United States, 2 C.Cls 451; John O. Garrett v. United States, 70 C.Cls. 304; and Alcock v. United States, 74 C.Cls. 308. The language of this court in Irby, Executor, v. United States, 57 C.Cls. 60, 63, under a somewhat similar special act to the one with which we are here concerned, is peculiarly applicable. In that case this court said: “ It has been uniformly held that statutes of a somewhat similar character operate only to furnish a forum for the presentation and adjudication of the claims mentioned, and do not by their terms do more than waive the statute of limitations, and thereby enable the plaintiff to assert his right under the law. The peculiar wording of the above statute indicates a legislative intent to afford the plaintiff a remedy for certain losses. After enumerating in detail the specific subject matter of the claim, and conferring jurisdiction to adjudicate, the statute goes further and expressly directs an adjudication upon the basis of the ‘ fair and reasonable rental and the value of the property taken and used as aforesaid.’ The statute is a remedial one, and in view of its numerous provisions clearly evidencing an intent to remedy an alleged loss, we think it clearly susceptible to a construction in accord with the judgment awarded.”
The facts in this case establish that the loss suffered by plaintiff, due to the conditions specified in the special act, was $11,324.20. Plaintiff is entitled to judgment for this amount on the grounds provided in the special act. Wold Co. v. Secretary of the Navy, (App. D. C.) 58 W.L.R. 422.
*446 In addition to the foregoing, we are of opinion that the cancellation by the defendant of written calls for hay, issued to plaintiff under the contract, was a breach thereof. Prior to and at the time of execution of the contract, the matter of the issuance of calls, and the delivery of the hay were discussed between plaintiff and the contracting officer and certain calls, including calls nos. 26 and 27, for the delivery of hay under the contract were promptly issued. Plaintiff was obliged under the terms of his contract promptly to make arrangements for prompt delivery of the hay, and he did so. When issued, the calls for the hay became a part of the contract terms, and, unless the Government reduced the quantity of hay to be delivered under the contract in the manner specified therein, a cancellation of the issued calls and a postponement of the specified deliveries constituted a breach by the defendant of its contract obligations. The Government did not issue orders reducing the quantity of hay to be delivered under the contract, but merely can-celled orders given for delivery thereof and postponed the same to a later date. Such cancellation and the conditions thereafter encountered by plaintiff caused the loss in question. The contract provisions were mutual and the Government, once having acted in such a manner as to place upon plaintiff a responsibility under the contract, was in no position to escape responsibility for any loss suffered by reason of a cancellation or change of the specified conditions.. Plaintiff was prepared to perform, and tendered performance, in accordance with the contract, but was prevented by the defendant from doing so. Had the calls not been can-celled and if plaintiff had not promptly complied therewith,, he would have been responsible for a penalty under the-contract, and also for any excess cost to the Government in obtaining the hay. Plaintiff is therefore entitled to recover his loss by reason of defendant’s breach of the contract.. Whitbeck, Receiver, v. United States, 77 C.Cls. 309.
Judgment in favor of plaintiff for $11,324.20 will be-entered. It is so ordered.
Whaley, Judge; Williams, Judge; Geeen, Judge, and Booth, Chief Justice, concur.